A07A1097. PRIMETECH SYSTEMS, INC. v. AVION SYSTEMS, INC.

(648 SE2d 487)

JOHNSON, Presiding Judge.

Primetech Systems, Inc. sued Avion Systems, Inc. for payment for services rendered under a subcontract agreement. Avion subsequently filed a motion for summary judgment, which the trial court granted. Primetech appeals, arguing the trial court erred in granting Avion's motion for summary judgment because there are material issues of fact in dispute. We find no error and affirm the trial court's judgment.

The record shows that Primetech executed the subcontract agreement with Avion on April 10, 2000, under which the terms and conditions were set forth for Primetech's consultant to provide services "for PROTEK[1] AND CITY OF ATLANTA (Client)."[2] The agreement further stated that Primetech's compensation would be conditioned upon approval by the Client. Under the agreement, "[e]vidence of Client approval and satisfaction shall accompany each invoice in the form of Client approved time reports." It is undisputed that time sheets submitted by Primetech contained only one signature on the line indicating "Client Authorized Signature," purportedly a signature by a Pro-Tech representative. Despite this fact, Avion paid Primetech for services performed on five submitted invoices between April 13, 2000 and June 10, 2000 on the assumption that Primetech's consultant's time reports would be approved by the Client: both Pro-Tech and the City.[3] Avion did not pay Primetech for two submitted invoices, totaling $23,625, and Primetech filed the present suit.

1. Primetech contends there is a factual dispute regarding whether the agreement requires approval of time records by both Pro-Tech and the City. However, the contract belies this assertion. "In construing a contract, courts must give words their usual and common meaning."[4] Here, the agreement is not ambiguous. The agreement specifically stated that Primetech's consultant was to provide services "for PROTEK AND CITY OF ATLANTA (Client)." Clearly, both entities were to be considered the "Client." The agreement further stated that Primetech's compensation would be conditioned upon approval by the "Client." Primetech's argument that it was only

---

[1] In the agreement and elsewhere in the record, Pro-Tech's name is misspelled "Protek" or "Protech." The correct spelling and full corporate name appears on Pro-Tech's time records.

[2] Emphasis in original.

[3] Avion filed a counterclaim which is still pending below to recover these monies.

[4] *Asian Square Partners v. Ly*, 238 Ga. App. 165, 167 (1) (518 SE2d 166) (1999); OCGA § 13-2-2 (2).

required to obtain approval from Pro-Tech flies in the face of the agreement. The trial court did not err in granting Avion's motion for summary judgment.

2. In an effort to circumvent the contract, Primetech asserts that even if the agreement does require approval of time records by both Pro-Tech and the City, Avion waived this requirement by paying five invoices accompanied by time sheets that did not contain approval signatures by both Pro-Tech and the City. We again disagree. It is undisputed that there was no express agreement to modify the terms of the original agreement, and no additional consideration was paid by Primetech to Avion. Moreover,

> if one of the parties to a contract in accepting performance by the other party not strictly in accordance with the terms of the contract does so merely gratuitously or by way of indulgence, then it cannot be said that the acceptance of performance under those circumstances supplies the requisite intent on the part of the party so accepting performance as to render the departure mutual.[5]

Here, Avion submitted that it paid Primetech prematurely for services performed during the first two months on the assumption that the time reports would be approved by the Client. However, the time reports were not approved by the Client, and, according to Avion, Primetech's consultant conducted himself in such a manner as to cause the Client to cancel the contract it had with Avion. Avion filed a counterclaim with its answer seeking to recover all monies paid to Primetech prematurely. The trial court did not err in finding that Avion did not waive the requirements of the agreement.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED JUNE 26, 2007 — 

*Weissman, Nowack, Curry & Wilco, Dan D. Wright, Jr., Raymond K. Williams*, for appellant.

*Theodore H. Lackland*, for appellee.

---

[5] *Continental Cas. Co. v. Union Camp Corp.*, 230 Ga. 8, 18 (3) (195 SE2d 417) (1973).